# STEWART v. GOLD & COPPER CO. of BINGHAM.

### No. 1609 (82 Pac. 475).

1. APPEAL—FINDINGS—REVIEW.—Where findings as to a claim or conflict between mining locations are based on maps and drawings from the land office, properly identified and authenticated, which were not contained in the appeal record, such findings will not be reviewed.

2. MINES AND MINERALS — MINING LOCATIONS—RIGHT TO MAKE— ALIENS.—The location of a mining claim by an alien is not void, but only voidable on a direct attack by the government.

3. SAME—CONVEYANCE TO CITIZEN.—The location of mining claim by an alien is cured by a grant to a citizen.

(Decided September 2, 1905.)

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Action in support of an adverse claim to a mining location by Archibald Stewart, as substituted plaintiff in the place of Daniel Harrington, against the Gold & Copper Company of Bingham. From a judgment in favor of claimant, defendant appeals.

AFFIRMED.

*Stevens & Smith* for appellant.

*Whittemore, Bierer & Cherrington* for respondent.

APPELLANT'S POINTS.

The allegation of citizenship was denied, and where an adverse suit is brought against an application for patent, the government is interested and citizenship must be proved. Upon this point we quote from 1 Lindley on Mines, sec. 227: "Citizenship may be proved like any other fact. It is a question for the jury." (Citing *Thompson v. Spray,* 72 Cal. 528; *Strickley v. Hill,* 22 Utah 257.) In Lindley on Mines, sec. 234, the learned author makes the following conclusions from the authorities cited by him: 1. "An alien may locate or purchase a mining claim, and, until 'inquest of office,' may hold and dispose of the same in like manner as a citizen." 2. "Proceedings to obtain patents are in the nature of inquest of office, and in such proceedings citizenship is a necessary and material fact to be alleged." As before stated, at the time of the location of the Sabine, Harrington was still the owner of the Panhandle, and did not pass title to Stewart until after this adverse suit was brought; consequently it was incumbent upon him to make legal proof of his citizenship, and the testimony of Archibald Stewart upon the trial, that he had heard Harrington testify in another

case that he was a citizen, was not legal proof, and should not be considered by the court.

Other facts are not proven in this way. Competent legal evidence was necessary to make this proof of citizenship, and none was introduced.

### RESPONDENT'S POINTS.

We insist, at the outset, that appellant is not entitled to a review of its case by this court, it appearing affirmatively from the record that the same does not purport to contain all the evidence, and that it will therefore be presumed upon this appeal that there was sufficient evidence to support the finding. (2 Ency. Pleading and Prac. p. 441, and cases cited; *Olson v. Railway,* 24 Utah 460, 68 Pac. 148; *Fields v. Mining Company,* 25 Utah 76, 69 Pac. 528; *Mining Company v. Gisborn,* 21 Utah 73; *Culmer v. Caine,* 22 Utah 216; *Snyder v. Emerson,* 19 Utah 321.)

The purpose of a notice is to notify. It cannot be said that this notice did not fully meet such purpose, and as it did that it should be deemed sufficient. Even if filed for record a few hours before the completion of all the acts necessary to constitute the location, its effect as a notice was not at all impaired thereby. The case of *Treasurer Tunnel Mining & Reduction Company v. Boss* (Colo.), 74 Pac. 888, is in point. In that case, the validity of the location of the Maggie A. claim being in question, the court said, p. 890: "In *Brewster v. Shoemaker,* 28 Colo. 176, 63 Pac. 309, 53 L. R. A. 793, 89 Am. St. 188, it was held that the order of time in which the several acts of location were performed is not of the essence of the statutory requirement, and that it is immaterial that the discovery was made subsequent to the completion of acts of location, provided only all the necessary acts are taken before intervening rights of third parties accrue; and it was there said that, if all these necessary steps have been taken before intervening rights accrue, it would be useless and idle ceremony, where the discovery follows all the other acts of location, for the locator again to locate his claim, or to refile the old location certificate, or to

file a new one." Even the entire failure to file or record a location notice does not work a forfeiture of the location where, as here, the law does not attach any penalty to such failure. (131 Fed. Rep. 579, 586.)

It is enough to say in answer to appellant's fourth averment of error that monuments on that ground and not the recitals in the location certificate control as to the boundaries of the Panhandle claim; and that the map (Exhibit A) and the testimony show clearly that for the year 1897 (the alleged location of the Sabine was in January, 1898) annual labor or assessment work to the value of more than $100 was done for the Panhandle claim by Daniel Harrington, the then owner thereof.

STRAUP, J.

1. Appellant applied for patent to the Sabine lode mining claim. Respondent, claiming to be the owner of the Panhandle, protested and adversed. The area of the two claims conflicted, and this action was brought to adjudicate these adverse claims. Trial before the court resulted in findings and a judgment in favor of plaintiff, respondent here. Appellant contends that the findings with respect to the location of the Panhandle, the discovery of a vein containing mineral, performance of assessment work, citizenship of Harrington, the locator, and especially the description of the area in conflict, are not supported by the evidence. We deem it unnecessary here to set forth what the record in detail shows as to the testimony and documentary evidence tending to support the findings. Suffice it to say that on examination of the record we are of opinion the evidence is sufficient to support the findings. Furthermore, as to the claim made that the finding describing the area in conflict lacks support, it conclusively is made to appear that the trial court had before it maps and drawings from the land office, properly identified and authenticated, which were admitted in evidence, and from which the boundaries of the two claims and the area in conflict were made to appear, but which maps and drawings are not brought here, and are

therefore not before us. So that, as to this finding, the one most seriously complained of, whatever, if anything, there may be lacking by way of evidence to support the description as found, may well be presumed is contained and sufficiently made to appear by the said maps and drawings. What may seem uncertain and indefinite with respect to the evidence as to the description, the particular thing complained of, may well become certain and be made definite when the evidence is read in connection with the maps and drawings.

2. The Panhandle was located by Harrington, who conveyed to Stewart, the respondent. It is conceded that the evidence shows Stewart was a citizen; but it is claimed the evidence is wanting that Harrington was a citizen. It is said the proof of his citizenship rests entirely on hearsay. Conceding, without deciding, that hearsay testimony, although admitted without objection, is no legal evidence upon which a finding may rest, still it is now settled law that a location of a mining claim made by an alien is not void, but only voidable, and may be cured by his grant to a citizen, and that a location made by an alien is free from attack by any one except the government. (Snyder on Mines, vol. 1, secs. 263, 267; Lindley on Mines, vol. 1, secs. 233, 234; *McKinley Min. Co. v. Alaska Min. Co.,* 183 U. S. 563, 22 Sup. Ct. 84, 46 L. Ed. 331; *Manuel v. Wulff,* 152 U. S. 505, 14 Sup. Ct. 651, 38 L. Ed. 532.)

Not anything has been made to appear to us why this judgment should be reversed. It therefore is affirmed, with costs.

BARTCH, C. J., and McCARTY, J., concur.